**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 24-4064

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TAJ'MA DE'YONG USSERY, a/k/a Pop Off,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:23-cr-00034-BO-RJ-1)

_____

Submitted:  October 25, 2024                          Decided:  December 19, 2024

_____

Before AGEE and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Taj'Ma Ussery of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a). The district court sentenced Ussery to 100 months of imprisonment and Ussery now appeals. On appeal, Ussery argues that the sentence is procedurally and substantively unreasonable because the district court failed to address his nonfrivolous arguments for a lower sentence or conduct an individualized assessment of his history and characteristics. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (internal quotation marks omitted). In doing so, we first evaluate the sentence for any procedural errors, such as improperly calculating the Sentencing Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) factors, or inadequately explaining the chosen sentence. *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). If the sentence is procedurally reasonable, we then review the substantive reasonableness of the sentence, considering "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence within or below a properly calculated Guidelines range is presumptively reasonable" and the "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. §3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

"A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). "As part of this individualized assessment, the district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Fowler*, 58 F.4th 142, 153 (4th Cir. 2023) (cleaned up). An "explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments" in mitigation. *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (cleaned up). "The court's explanation should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (cleaned up).

"[I]n a routine case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *Fowler*, 58 F.4th at 153 (internal quotation marks omitted). So long as the district court "has fully addressed the defendant's central thesis during sentencing, it need not address separately each supporting data point marshalled" on the defendant's behalf. *Id.* (internal quotation marks omitted). Additionally, we "will not vacate a sentence simply because the district court did not spell out what the context of its explanation made patently obvious." *Blue*, 877 F.3d at 520-21

3

(cleaned up).  "Engaging counsel in a discussion about the merits of an argument in favor of a particular sentence, for example, may be sufficient to permit a reviewing court to infer that a sentencing court gave specific attention to a defendant's argument." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted); *see United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir. 2020) ("[T]his admonition focuses on the whole of a defendant's argument and does not require the court to address every argument a defendant makes." (internal quotation marks omitted)).  Ultimately, "[t]he adequacy of the sentencing court's explanation depends on the complexity of each case and the facts and arguments presented." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).

Ussery's mitigating arguments were the type of straightforward and simple sentencing arguments that required only a brief explanation.  *See, e.g.*, *Rita v. United States*, 551 U.S. 338, 358-59 (2007) (holding that defendant's "conceptually simple" request for downward departure based on his vulnerability to retribution in prison, military experience, and physical condition required only brief explanation).  Here, the district court had been present throughout all proceedings and was familiar with Ussery's history and the offense conduct—including his attempts to obstruct justice.  Ussery made only brief arguments about his criminal history, the nature of the offense, his addiction, and his family support; these arguments totaled a single page of transcript, providing little for the district court to comment upon that had not already been discussed.  Regarding Ussery's criminal history category, the court addressed that argument, acknowledging that Ussery requested a downward variance to account for a pending request for expunction of his prior conviction

4

in state court, but concluding that it did not warrant a lower sentence. The court also acknowledged Ussery's claim that he suffered from addiction by recommending drug treatment and counseling, and found the within-Guidelines sentence appropriate based on Ussery's history and characteristics, as well as the need to protect the public and provide just punishment. Finally, Ussery has failed to overcome the presumption of reasonableness applied to his within-Guidelines sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*